

**FILED**
April 10, 2025 01:23 PM
ST-2023-CV-00191
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| VERNON THOMAS, and VERA JOYCE THOMAS-PINNEY,<br><br>                              Plaintiffs,<br><br>-vs-<br><br>WAUKEBO WARNER, and WAUKESHA WARNER-HARRISON,<br><br>                              Defendants. | ) CASE NO. ST-2023-CV-00191<br>)<br>) ACTION FOR QUIET TITLE;<br>) ASSAULT; INTENTIONAL<br>) INFLICTION OF EMOTIONAL<br>) DISTRESS; PRIVATE NUISANCE;<br>) TRESPASS<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

Cite as: 2025 VI Super 9U

Appearances:

KARIN A. BENTZ, ESQUIRE
LAW OFFICES OF KARIN A. BENTZ, P.C.
St. Thomas, VI
*For Plaintiffs*

PETER J. LYNCH, ESQUIRE
FLAG LAW VI
St. Thomas, VI
*For Defendants*

## MEMORANDUM OPINION AND ORDER

¶1     Pending before the Court are the following:

1. Defendants' Motion to Dismiss, filed May 21, 2024.

2. Plaintiffs' Opposition to Motion to Dismiss, filed June 7, 2024.

3. Defendants' Joint Reply to Plaintiffs' Opposition to Motion to Dismiss, filed November 21, 2024.

For the reasons set forth below, Defendants' Motion to Dismiss will be granted with respect to Count II only and denied with respect to the remaining counts of the Complaint.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

¶2     Plaintiff Vernon Thomas ("Thomas") is the owner of 148-294 Estate Anna's Retreat, No. 1 New Quarter in St. Thomas, which consists of land and a house.[1] His sister, Plaintiff Vera Joyce Thomas-Pinney ("Pinney"), rents the property from Thomas and lives in the house.[2] Defendant Waukebo Warner ("Warner") and his sister, Defendant Waukesha Warner-Harrison ("Harrison"), own the adjacent lot, 148-293 Estate Anna's Retreat, No. 1 New Quarter in St. Thomas. On July 6, 2022, a dump truck transported dirt from Warner's backyard while backing up onto Plaintiffs' yard. The truck knocked down and flattened Plaintiffs' boundary pole and mailbox, and the truck continued to enter Plaintiffs' yard.[3] Pinney then called Warner about the damage, and when Pinney later told Warner that the boundary line and mailbox were not to be moved, Warner "became irate and started screaming profanities" and "yelling at" her.[4] Pinney proceeded to communicate with the Department of Planning and Natural Resources ("DPNR") to report the boundary issue. Pinney also made a police report on July 6, 2022.[5] On July 12, 2022, a DPNR inspector arrived at the property at Pinney's request, and Warner and Harrison began shouting profanities and arguing that Pinney was bringing the issue over only "a couple of inches of land."[6] Pinney filed a second police report that same day, "detailing Warner's abuse and his threats to 'blow her brains out' and 'blow up the house.'"[7] Later that evening, Warner told Pinney that "she would have to file a police report every day because he was going to harass her until she left her property because he was there first."[8] Both Plaintiffs and Defendants retained their own, separate surveyors: Warner retained Kayon Rawlins, and Pinney retained Brian Moseley and Associates, Inc.[9] On August 19, 2022, Moseley and Associates, produced a survey, which "confirmed an encroachment onto Thomas' land by Warner..."[10]

¶3     On July 21, 2022, Pinney, unrepresented by legal counsel, filed a Verified Petition for Protection Order Against Harassment and/or Stalking in the Magistrate Division of the Superior Court, captioned *Vera Joyce Thomas-Pinney v. Waukebo Warner and Waukesha Warner-Harrison* and docketed as Case No. ST-2022-CV-00244. On August 16, 2022, the Magistrate Division issued a Temporary Restraining Order against Warner and Harrison, stating, inter alia, it "finds that good cause has been shown to enter an *ex parte* temporary order against Respondent and that

---

[1] Verified Compl., ¶12.
[2] Verified Compl., ¶13.
[3] Verified Compl., ¶¶15–17.
[4] Verified Compl., ¶¶18–23.
[5] Verified Compl., ¶¶32–34.
[6] Verified Compl., ¶¶36–43.
[7] Verified Compl., ¶46.
[8] Verified Compl., ¶48.
[9] Verified Compl., ¶¶49–51.
[10] Verified Compl., ¶¶53–54.

such an order is necessary to protect Petitioner's life, health, and well-being. Specifically, the Court is concerned that the Respondent is targeting the Petitioner causing her to feel terrorized and suffer emotional distress."[11] However, on December 7, 2022, the Magistrate Division dismissed the matter with prejudice. The Magistrate Division stated:

> On July 12, 2022, Pinney claims that Warner et al made threats that made Pinney feel uncomfortable. The Court found that any threats made to Pinney by Warner, et al were made out of frustration over the bound posts and the mailbox issue. And that was the one time said threats were verbalized based on the testimony in Court. Additionally, Warner, et al did curse and act unbecomingly on July 12, 2022 and at least one other occasion however, comments were not directed to Pinney, even though the comments may have been meant for Pinney as well as the Department of Planning and Natural Resources (hereinafter "DPNR") officers/officials present at that time…The Court found that the action of Warner et al, were not willful and malicious acts nor were there any credible threats with any intention. Warner, et al "spouted off at the mouth" due to the constant issue with the boundary, police being present several times on Warner property, DPNR being present several times on Warner property, and having to leave work or meetings to come to the property several times because Pinney had called police/officials to the properties.[12]

¶4     The Magistrate Division found that Pinney had not proven the elements of Harassment and/or Stalking by a preponderance of the evidence to warrant a Permanent Protection Order. Lastly, "the Court found that this boundary dispute is required to be litigated elsewhere and determined that a civil action in the Superior Court may be required."

¶5     In the present case, Pinney and Thomas (a new Plaintiff) allege five different Counts against the same Defendants: (1) Declaratory Judgment to Determine Boundaries and Quiet Title Pursuant to 28 V.I.C. § 372 (Thomas against Warner), (2) Assault (Pinney against Defendants), (3) Intentional Infliction of Emotional Distress (Pinney against Defendants), (4) Private Nuisance (both Plaintiffs against both Defendants), and (5) Trespass (Thomas against Warner). In the Complaint, Private Nuisance and Trespass are erroneously listed also as Count III when they are actually Count IV and Count V. In response, Defendants bring the present Motion to Dismiss.

## II.     LEGAL STANDARD.

### A. Virgin Islands Rule of Civil Procedure 12(b)(1).

¶6     Virgin Islands Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject matter jurisdiction.[13] As Rule 12(b)(1) is a jurisdictional attack,

---

[11] Harassment and/or Stalking TRO, Aug. 16, 2022.
[12] Order, Dec. 7, 2022.
[13] V.I. R. Civ. P. 12(b)(1).

the Court must consider that motion before reaching 12(b)(6) motions.[14] A Rule 12(b)(1) motion may be treated either as facial or factual.[15]

> In a facial attack, the argument assesses a claim on its face, specifically arguing its failure to sufficiently establish subject matter jurisdiction. When considering a facial attack, the court accepts the allegations within the complaint as true, considering them in the light most favorable to the non-moving party. In contrast, a factual attack occurs "when a defendant disputes the existence of certain jurisdictional facts ..." and a factual attack may only occur "after the allegations of the complaint have been controverted." In considering a factual challenge, the court "does not presume the plaintiffs allegations are true," but asks the court to consider the evidence and satisfy itself of its jurisdictional authority to hear the case. Therefore, in a factual attack, "the burden of proving the existence of subject matter jurisdiction lies with the plaintiff."[16]

## B. Virgin Islands Rule of Civil Procedure 12(b)(6)

¶7    Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[17] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[18] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be viewed in the light most favorable to the plaintiff."[19] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[20] "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief..."[21] The purpose of a motion to dismiss at this stage of litigation "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the

---

[14] *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013) (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute."); *see also In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

[15] *Racz v. Cheetham*, 2019 VI SUPER 99U, ¶ 8 (V.I. Super. Sept. 27, 2019) (citation omitted).

[16] *Niagara Distributors, Inc. v. Warner*, 2022 VI SUPER 36U (V.I. Super. Mar. 18, 2022) (citations omitted).

[17] V.I. R. CIV. P. 12(b)(6).

[18] V.I. R. CIV. P. 8(a)(2).

[19] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (V.I. Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[20] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206-170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[21] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

case."[22] Further, "matters outside of the pleadings should not be considered in deciding a Rule 12(b)(6) motion to dismiss."[23]

¶8      Since Virgin Islands Rule 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for her claim to put a defendant on fair notice of the claims brought against him.[24] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[25] This standard is reinforced by the policy that litigants should not be expected to win their cases on the pleadings but rather be given their day in court,[26] and the standard is necessarily a more liberal and forgiving approach that is different from the *Twombly* plausibility standard.[27] Essentially, Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[28] and "[p]leadings . . . must be fatally defective before they may be rejected as insufficient."[29] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[30]

## III.   ANALYSIS

### A. This Court has Subject Matter Jurisdiction

¶9      Defendants' argument concerning their Rule 12(b)(1) defense is unclear. They seem to argue that this Court does not have subject matter jurisdiction "as there exists no justiciable controversy."[31] In particular, concerning Count I, Defendants' argument appears to be based upon

---

[22] § 39:32. General standards for a Rule 12(b)(6) dismissal, 6 Annotated Patent Digest § 39:32.

[23] § 39:35. Matters outside the pleadings, 6 Annotated Patent Digest § 39:35.

[24] *See Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

[25] *Howe v. MMG Ins. Co.*, 2014 ME 78, ¶ 9, 95 A.3d 79, 81–82 (internal quotation marks omitted) (citation omitted).

[26] *See Carrillo v. Boise Tire Co.*, 152 Idaho 741, 751, 274 P.3d 1256, 1266 (2012) ("The Idaho Rules of Civil Procedure set forth a system of notice pleading intended to free litigants from what were once rigid pleading requirements.").

[27] *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) ("After all, Minnesota is a notice-pleading state and 'does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it.'"); *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("Tennessee follows a liberal notice pleading standard, . . . which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."); *McCurry v. Chevy Chase Bank, FSB*, 169 Wash. 2d 96, 101, 233 P.3d 861, 862 (2010)(en banc) ("Under CR 12(b)(6) a plaintiff states a claim upon which relief can be granted if it is *possible* that facts could be established to support the allegations in the complaint.") (emphasis in original).

[28] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) . . . was adopted to focus litigation on the merits of a claim.").

[29] *Corwin v. Brit. Am. Tobacco PLC*, 251 N.C. App. 45, 56, 796 S.E.2d 324, 333 (2016) (citation omitted).

[30] *Basic Servs., Inc.*, ¶ 10 (citations omitted).

[31] Mot. Dismiss, 1.

the assumption that Virgin Islands courts are Article III courts.[32] But this assumption is inaccurate. This Court is not an Article III court and is not bound by the same Article III framework.[33] Consequently, if Defendants are arguing that this Court does not have subject matter jurisdiction because the Court is supposedly an Article III court and there is allegedly no justiciable controversy (in one or more of Plaintiffs' claims), then this Court finds that defense fundamentally lacking. This Court has subject matter jurisdiction, and this Court will not grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

### B. Claim Preclusion and Issue Preclusion.

¶10     Defendants argue that Plaintiffs' claims are barred by claim preclusion (*res judicata*) and/or issue preclusion (collateral estoppel). As explained below, Plaintiffs' claims are not barred by claim preclusion, primarily due to jurisdictional limitations of the Magistrate Division. However, Plaintiffs' Assault claim is barred by issue preclusion.

### i. Issue Preclusion

¶11     The Supreme Court of the Virgin Islands has stated, "Collateral estoppel, also known as issue preclusion, precludes relitigation of any 'issues of law and issues of fact ... conclusively determined in a prior action.'"[34] "It is premised, like the doctrine of res judicata, on promoting judicial economy and efficiency, the stability of final judgments, and fairness to litigants."[35] The Court outlined the following criteria to bar relitigation.

> Therefore, to bar relitigation of an issue under the doctrine of collateral estoppel, an asserting party must demonstrate: (1) the issue to be barred is identical to an issue actually and necessarily decided in the prior action; (2) the prior action was adjudicated in a decision that was final, valid, and on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action.[36]

"If any of the foregoing conditions is unsatisfied, then the application of issue preclusion is inappropriate, for said application would unjustly foreclose matters that have yet to be litigated."[37]

---

[32] Mot. Dismiss, 3; In Defendants' Reply to Plaintiffs' Opposition to the Motion to Dismiss, Defendants seemingly abandon the Rule 12(b)(1) defense and rely solely upon Rule 12(b)(6).

[33] *Limetree Bay Terminals, LLC v. Liger*, 2024 VI 26, ¶ 27 (Aug. 2, 2024) (citations omitted) ("Yet this concern is wholly irrelevant to the Virgin Islands context: unlike the federal courts, the courts of the Virgin Islands are not courts of limited jurisdiction organized under Article III and possess the authority to adjudicate more than just cases and controversies.").

[34] *Stewart v. Virgin Islands Bd. of Land Use Appeals*, 66 V.I. 522, 547 (2017) (citations omitted).

[35] *Id.*

[36] *Id.* at 549–50.

[37] *Charles v. Kelly's Cleaning Servs.*, 2024 VI SUPER 2U, ¶ 17 (Super. Ct. Jan. 10, 2024) (citation omitted).

¶12     As the Magistrate Division stated, for exchanges that occurred on July 12, 2022, "[t]he Court found that any threats made to Pinney by Warner, et al were made out of frustration over the bound posts and the mailbox issue. And that was the one time said threats were verbalized based on the testimony in Court."[38] Additionally, "[t]he Court found that the action of Warner et al, were not willful and malicious acts nor were there any credible threats with any intention."[39] In its final judgment, the Magistrate Division concluded that Pinney had not demonstrated the elements for Harassment.

¶13     Here, Defendants claim that most (if not all) of Plaintiffs' claims, particularly Count II (Assault) and Count III (Intentional Infliction of Emotional Distress), are barred by issue preclusion because of the final ruling by the Magistrate Division of the Superior Court regarding the exact same issues and exchanges between Pinney and Defendants.[40] Defendants argue that the Magistrate Division found that they did not act with intent, and the ruling on this issue bars Plaintiffs from proceeding with Counts II and III.

¶14     In contrast, Plaintiffs argue that Harassment is different from Assault and Intentional Infliction of Emotional Distress. First, Plaintiffs cite how 14 V.I.C. § 111(2) states that a claim for harassment requires "more than one act of willful and malicious conduct" that happens within a year.[41] In contrast, one incident is sufficient for Assault.[42] Plaintiffs claim that all the elements are present to succeed on the claim of Assault. The V.I. Code defines Assault as: whoever "(1) attempts to commit a battery; or (2) makes a threatening gesture showing in itself an immediate intention coupled with an ability to commit a battery-commits an assault."[43]

¶15     Second, the elements of Intentional Infliction of Emotional Distress adopted by this jurisdiction are as follows:

> For a claim of intentional infliction of emotional distress, the Superior Court has previously adopted as the best rule for the Virgin Islands the Restatement (Second) of Torts § 46(1), under which a defendant who, "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Comment i. to the Restatement (Second) of Torts § 46 provides that an actor intentionally causes severe emotional distress "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." Comment i.

---

[38] Order, Dec. 7, 2022.

[39] Order, Dec. 7, 2022.

[40] Defs.' Joint Reply Pls.' Opp'n Mot. Dismiss, Nov. 21, 2024, 6.

[41] 14 V.I.C. § 111(2).

[42] Opposition Mot. Dismiss, June 7, 2024, 7.

[43] 14 V.I.C. § 291.

further provides that an actor recklessly causes emotional distress where he or she acts "in deliberate disregard of a high degree of probability that the emotional distress will follow."[44]

¶16    As Defendants argue, intent is an essential element for Assault, and the Magistrate Division previously ruled that Defendants did not make "any credible threats with any intention." Intent within the prior claim of Harassment is identical to the element of intent within the Assault claim. Furthermore, the Magistrate Division's decision was final, valid, and on the merits. The parties in the prior action were the exact same regarding the present claim of Assault. For instance, Thomas was not a party in the prior action and is not involved in the Assault claim. Pinney also had a full and fair opportunity to litigate the issue in the Magistrate Division. As such, with all the elements of issue preclusion having been met for this claim, Pinney is barred from bringing the present Assault claim due to issue preclusion on the essential element of intent.

¶17    Next, Intentional Infliction of Emotional Distress is more nuanced. Issue preclusion regarding intent is not fatal to the claim of Intentional Infliction of Emotional Distress. For instance, Defendants could have "recklessly" caused emotional distress to Pinney. In their Verified Complaint, Plaintiffs allege that "Defendants' conduct was done with the intent of causing Thomas-Pinney severe emotional distress."[45] Plaintiffs have alleged the other elements of Intentional Infliction of Emotional Distress, and while the issue of intent is precluded and Plaintiffs have not expressly alleged that Defendants recklessly caused this alleged distress, the omission of "recklessly" is not fatal to the claim. The claim of Intentional Infliction of Emotional Distress may continue as the issue of "intentionally" is precluded while "recklessly" is not precluded. Similarly, private nuisance is not barred because it does not necessarily require intent or malicious acts, and any intent involved within a private nuisance claim is different from the element of intent precluded by the Magistrate Division for the harassment claim.[46]

¶18    Consequently, due to issue preclusion of intent regarding the verbal exchanges between Pinney and Defendants in July 2022, Pinney is barred from bringing the claim of Assault against the Defendants.

### ii. Claim Preclusion

¶19    Defendants also raise claim preclusion (*res judicata*) against Plaintiffs' claims.

---

[44] *Todman v. Hicks*, 70 V.I. 430, 444–45, 2019 VI SUPER 60, ¶ 16 (V.I. Super. 2019).

[45] Verified Compl., ¶68.

[46] *Cifre v. Daas Enterprises, Inc.*, 62 V.I. 338, 362 (V.I. Super. 2015) ("In accord with a clear majority of other jurisdictions and the approach previously utilized by other courts in the Virgin Islands, the soundest rule for the Virgin Islands is to define a private nuisance as a substantial and unreasonable nontrespassory interference with another's interest in the private use and enjoyment of land.") (citation omitted); *See Island Airlines, LLC v. Bohlke*, 76 V.I. 47, 88, 2022 VI SUPER 20, ¶ 97 (Super. Ct. 2022).

> The common-law doctrine of *res judicata* prohibits a party from relitigating causes of action against a person where those same claims were previously adjudged in an action against the same party. In other words, "[t]he doctrine of claim preclusion…prohibits 'successive litigation of the very same claim' by the same parties"…To succeed on a claim of *res judicata*, the invoking party must satisfy three elements: "(1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims."[47]

¶20    Defendants argue that all the elements of *res judicata* have been met: Pinney "sued Defendants on the same set of facts or transaction" in the Magistrate Division, that Court reached a "final and valid Order after a full hearing on the merits," and "the only change in the parties is the addition of Plaintiff Thomas-Pinney's brother, whose [sic] is also her landlord and the owner of Plaintiffs' property."[48] Defendants claim that Thomas is also in privity with Pinney. Lastly, Pinney did not appeal the Magistrate Division's decision.

¶21    But Plaintiffs argue that the case before the Magistrate Division concerned a claim for Harassment and not the present claims. They assert that these are two very different claims with different elements to demonstrate in court. Additionally, Plaintiffs argue the "Magistrate court is a court whose jurisdiction and powers are constrained by the limitations in the Virgin Islands Code. It does not have jurisdiction to hear all the claims Plaintiffs' have presented in this case."[49] "Moreover, simply because a plaintiff could have brought a claim earlier does not bar them from bringing it at a later date."[50]

¶22    The Magistrate Division's jurisdiction is limited by statute. Among its powers, the Court may "issue temporary and permanent restraining orders in domestic violence cases" and "hear all civil cases where the amount in controversy does not exceed $75,000."[51] However, as a matter of practice, Small Claims Court is limited to $10,000.00 plus court costs. Here, while the present case arises out of the same set of facts, the causes of action alleged in Plaintiffs' current Complaint are different from a Harassment claim, which pro se litigants present on a pre-printed form that specifically limits the parties' complaints to stalking and harassment. Pinney could not have brought all of these claims together in the Magistrate Division as the claims would have exceeded the amount in controversy jurisdictional limits of the Magistrate Division. The Magistrate

---

[47] *Fahie v. Bank of Nova Scotia*, 2019 VI SUPER 40U, ¶¶ 14–15 (V.I. Super. Mar. 19, 2019) (internal citations omitted).

[48] Defs.' Joint Reply Pls.' Opp'n Mot. Dismiss, 2.

[49] Opp'n Mot. Dismiss, 9.

[50] Opp'n Mot. Dismiss, 9.

[51] 4 V.I.C. § 123(a)(5)–(7).

Division's case was based on a specific form Pinney completed concerning Harassment and/or Stalking, and the Magistrate Division could not permissibly preside over all of the current claims. The preprinted form is titled "Verified Petition for Protection Order Against Harassment and/or Stalking," and it specifically limited the action filed by Pinney to one for Harassment and/or Stalking pursuant to "V.I. CODE ANN. tit. 5, §§ 1471-1476 and 14 V.I.C. §§ 111-120."[52] Additionally, many of Plaintiffs' new claims concern property law. The boundary dispute was not litigated in the Magistrate Division, and it could not have been litigated, as a matter of law, in an action brought pursuant to a petition limited to harassment and stalking. Instead, the Magistrate Division specifically instructed the parties that "this boundary dispute is required to be litigated elsewhere and determined that a civil action in the Superior Court may be required."[53] Consequently, claim preclusion does not bar any of Plaintiffs' present claims. Lastly, if Defendants are arguing that this Court does not have subject matter jurisdiction here because of claim and issue preclusion, this argument is without merit, and the Complaint will not be dismissed for lack of subject matter jurisdiction.

## C. Declaratory Judgment and Quiet Title

¶23    Defendants argue that Count I should be dismissed (as discussed in Section A) because: (1) Article III requires courts only adjudicate actual cases or controversies and there is no dispute or controversy between Plaintiffs and Defendants on the boundary line as "Defendants have agreed to respect the property line established by Mosely,"[54] and (2) Count I is not a claim for damages because it fails to identify any harm suffered or costs incurred by Plaintiffs from the alleged encroachment, and "[a]ny corrective work necessary in that regard is prospective."[55]

¶24    However, Plaintiffs argue that Virgin Islands courts are not Article III courts and are not bound by the same claims and controversies framework as federal courts.[56] Instead, Plaintiffs claim that this Court may still grant a declaratory judgment even if no controversy over the exact boundary line exists because "there is still a controversy over how Defendants will repair the damage."[57] Plaintiffs state that "Defendants will need to build a wall" and that "[b]ackfill will then need to be placed between the wall and the edge of the excavation."[58] A permit will also be needed

---

[52] Verified Pet. Prot. Order against Harassment and/or Stalking.

[53] Order, Dec. 7, 2022.

[54] Mot. Dismiss, 3.

[55] Defs.' Joint Reply Pls.' Opp'n Mot. Dismiss, 5.

[56] Opp'n Mot. Dismiss, 5; *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 564 (2012) ("However, in our more recent consideration of the case and controversy doctrines, we have recognized those doctrines as judicially-imposed restraints on our authority because Virgin Islands courts are not Article III courts and thus not subject to the same constitutional constraints on jurisdiction.") (citation omitted).

[57] Opp'n Mot. Dismiss, 6.

[58] Opp'n Mot. Dismiss, 6.

and the "wall must be constructed according to the permit plans."[59] They claim the "controversy is not at an end until Defendants carry out the repairs according to these directives."[60]

¶25    Plaintiffs bring Count I pursuant to 28 V.I.C. § 372 and the Virgin Islands quiet title statute, which states:

> "In any case where any dispute or controversy exists, or may hereafter arise, between two or more owners of adjacent or contiguous lands in the Virgin Islands, concerning the boundary lines thereof, or the location of the lines dividing such lands, either party or any party to such dispute or controversy may bring and maintain an action of an equitable nature in the district court, for the purpose of having such controversy or dispute determined, and such boundary line or lines, or dividing lines, ascertained and marked by proper monuments, upon the ground where such line or lines may be ascertained to be, and established in such action."[61]

¶26    As discussed in Section A, this Court is not an Article III court and is not bound by the same framework. But 28 V.I.C. § 372 requires there to be a dispute or controversy that "exists" or "may hereafter arise" between the owners of the lands (Thomas and Warner) concerning the boundary line. The boundary line and alleged harm resulting from Defendants entering Plaintiffs' property are central to this case. While the parties might currently agree on the location of the boundary line, the exact boundary line is a critical component in the Complaint, and because an issue may later arise concerning the boundary line, a claim for declaratory judgment is appropriate. The Court finds that the Plaintiffs (specifically Thomas) have sufficiently demonstrated a controversy for purposes of 28 V.I.C. § 372.

¶27    Lastly, Defendants argue that Count I is not a claim for damages. Defendants are correct that the claim for monetary damages is misplaced in Count I. A claim for declaratory judgment to determine boundaries and quiet title pursuant to 28 V.I.C. § 372 is equitable in nature. However, after construing the facts in a light most favorable to the non-moving party, the Court finds that Count I sufficiently pleads a cause of action for declaratory judgment of a boundary dispute.

## D. Intentional Infliction of Emotional Distress

¶28    In Count III, Pinney alleges Intentional Infliction of Emotional Distress against Warner and Harrison. As discussed in Section B above, the issue of intent is precluded, and Plaintiff would need to rely on a claim of Defendants "recklessly" inflicting emotional distress to proceed.

¶29    Defendants argue that for this claim, Pinney "made a threadbare, partial recitation of the

---

[59] Opp'n Mot. Dismiss, 6.
[60] Opp'n Mot. Dismiss, 6.
[61] 28 V.I.C. § 372.

restatement which is conclusory and does not meet the required factual assertions to establish a claim for intentional infliction of emotional distress..."[62] In contrast, Plaintiffs argue that the Complaint has established all the elements for this claim and the facts alleged support these elements.

¶30    The notice pleading framework is a flexible standard and Plaintiffs merely need to provide a legal and factual basis for the claim to put Defendants on fair notice of the claim. Here, Plaintiffs' claim is not fatally defective as it alleges facts supporting the elements of Intentional Infliction of Emotional Distress. Additionally, the Magistrate Division did not decide whether Pinney suffered emotional distress, nor did it decide whether the Defendants' conduct was so extreme and outrageous to exceed all bounds of decency. In fact, while the Magistrate Division found that there was no intent, malicious acts, or credible threats, the Magistrate Division found that Warner "did curse and act unbecomingly."[63] For issue preclusion, Defendants have not sufficiently shown that the issue to be barred is identical to an issue actually and necessarily decided in the prior action. Only the element of intent is precluded. The Magistrate Division also did not hear this specific claim, and it did not have jurisdiction to hear the claim with the other claims, so the claim is not precluded. As such, Defendants' motion to dismiss this claim of Intentional Infliction of Emotional Distress will be denied.

### E. Private Nuisance

¶31    Both Plaintiffs also allege private nuisance[64] against both Defendants. Defendants cite *Jolly*, which elaborated on the elements of private nuisance:

> With respect to private nuisance, the statutory provision authorizing private nuisance actions, 28 V.I.C. § 331, provides in its pertinent part that "any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action for damages therefor." In *Bermudez v. Virgin Islands Telephone Corporation*, 54 V.I. 174, 180-93 (Super. Ct. 2011), the Superior Court concluded that "a private nuisance is an invasion of another's interest in private use and enjoyment of land". Additionally, that invasion "must cause significant harm [...] involving more than slight inconvenience or petty annoyance." The mere fact that an interference in the use and enjoyment of another's land is found to exist does not mean that an action for private nuisance will lie. In determining whether an interference is sufficient to amount to a private nuisance, the question which must be answered is "whether reasonable persons generally, looking at the whole situation impartially and objectively would consider it unreasonable." A number of factors are to be

---

[62] Mot. Dismiss, 3.
[63] Order, Dec. 7, 2022.
[64] Misnumbered as Count III instead of Count IV in the Complaint.

considered in making such a determination, including the gravity of the harm and the utility of the conduct.[65]

¶32    Defendants make several arguments against Count IV. First, Defendants assert that Count IV actually alleges two claims: the first for private nuisance against the landowner (Thomas) and the second against the tenant (Pinney). Second, Defendants argue that "Count IV is devoid of factual allegations" that support the "two causes of action" (such as facts specifically addressing actual harm suffered) and that Count IV "alleges threadbare and conclusory recitations of elements of a cause of action."[66] Third, harm to Thomas is speculative, prospective harm as Thomas claims that he might lose Pinney as a tenant. Fourth, Pinney did not raise her nuisance claim previously before the Magistrate Division, and Pinney is now barred from doing so by claim and issue preclusion.

¶33    However, Plaintiffs argue that they have already alleged actual harm to their quiet enjoyment of the property. They claim that the facts indicate that Defendants verbally threatened and abused Pinney (harm to Pinney), and Defendants' threats and abuse against Pinney interfered with Thomas' ability to provide a safe environment for Pinney (harm to Thomas). Plaintiffs argue that the possibility that Thomas might lose Pinney as a tenant is not prospective harm (as Defendants argue) because "Defendants' abuse of Thomas' tenant is a fact that has already occurred" and the nuisance has already happened.[67]

¶34    The Court finds that Plaintiffs' allegations are sufficient to support the private nuisance claim. The Court takes all material allegations in the Complaint as true and views the facts in a light most favorable to the Plaintiffs as the non-moving party. Accordingly, Plaintiffs have provided a sufficient basis to support the elements of this claim that puts Defendants on notice. For instance, regarding the exchanges between Pinney and Defendants, Plaintiffs have claimed that Warner allegedly threatened to "'blow her brains out'" and "'blow up the house.'"[68] Even if these verbalized comments were not specifically directed at Pinney (as the Magistrate Division previously determined), this form of conduct is sufficient to support Count IV. Additionally, as Plaintiffs argue, the alleged harm to Thomas' and Pinney's enjoyment of the land has already occurred because the exchanges between Pinney and Defendants and removal of boundary posts have already occurred. In particular, Plaintiffs allege that the actions of Defendants harm Thomas' ability to "provide a safe environment," which negatively impacts Plaintiffs' enjoyment of the property.[69] Claim and issue preclusion are also inapplicable for this claim for the reasons previously stated in Section B. The Magistrate Division did not rule on the elements of this claim.

---

[65] *World Fresh Mkt., LLC v. Jolly*, 2022 VI SUPER 75U, ¶ 19 (V.I. Super. Sept. 1, 2022) (internal citations omitted).
[66] Mot. Dismiss, 4.
[67] Opp'n Mot. Dismiss, 8.
[68] Verified Compl., ¶46.
[69] Verified Compl., ¶¶73–74.

As such, Defendants' motion to dismiss this claim will be denied.

### F. Trespass

¶35    Plaintiffs (specifically Thomas) also allege trespass against Warner. The Complaint states: "Warner's physical encroachment onto Thomas' land was the unauthorized entry upon the land of another by a person or an object and thus constitutes the tort of trespass under Virgin Islands law."[70] Defendants cite *Klein* where the Supreme Court of the Virgin Islands stated the elements for a trespass claim:

> [A] plaintiff claiming trespass has the burden of proving that the defendant intentionally (a) entered land in the possession of the other, or caused a thing or a third person to do so, or (b) remained on the land, or (c) failed to remove from the land a thing which he was under a duty to remove.[71]

¶36    Defendants argue that: (1) Plaintiffs have not alleged that Defendants themselves entered Thomas' property or (2) that Defendants did so intentionally. Instead, Defendants claim that Plaintiffs have only alleged that the truck driver, surveyor, and bulldozer operator trespassed.

¶37    In response, Plaintiffs argue that "Plaintiffs' complaint very clearly demonstrates how Defendants, and/or their agents working under the instruction of Defendants, moved Plaintiffs' boundary pole and excavated and removed soil from Plaintiffs' side of the boundary line."[72] They claim that the intentional, physical encroachment by Warner and/or his agents onto Plaintiffs' land qualifies as trespass.

¶38    Despite Defendants' arguments, the Court finds that the Plaintiffs have sufficiently alleged a claim of trespass against Warner. Plaintiffs specifically wrote that the claim involved "Warner's physical encroachment onto Thomas' land...." Plaintiffs also do not have to expressly state that Warner intentionally entered Thomas' land. Notice pleading is a flexible standard, and a complaint can be a bare-bones outline or even vague and still be adequate, so long as the complaint can reasonably be read as supporting a claim for relief, which Plaintiffs have satisfied. The issue of intent was also only precluded by the Magistrate Division concerning the exchange between Pinney and Defendants (the alleged verbal threats) and not on whether Defendants intentionally entered Thomas' property. Defendants' Motion to Dismiss the claim of trespass will be denied.

---

[70] Verified Compl., ¶81.

[71] *Klein v. Bassil*, 78 V.I. 593, 610, 2023 VI 14, ¶ 18 (2023) (citations omitted).

[72] Opp'n Mot. Dismiss, 9.

## IV.    CONCLUSION

¶39    Plaintiffs' claim of Assault (Count II) is barred by collateral estoppel because the Magistrate Division already ruled upon the essential element of intent regarding Defendants' conduct towards Pinney. However, neither issue preclusion nor claim preclusion bar the rest of Plaintiffs' claims. The Court has subject matter jurisdiction to hear these claims, and Plaintiffs' allegations are sufficient to support the claims upon which relief may be granted.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss is **GRANTED only with respect to Count II** (Assault); and Count II is **DISMISSED with prejudice**;

**ORDERED** that the Motion to Dismiss is **DENIED** with respect to Count I (Declaratory Judgment to Determine Boundaries and Quiet Title Pursuant to 28 V.I.C. § 372), Count III (Intentional Infliction of Emotional Distress), Count IV (Private Nuisance) and Count V (Trespass); and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorneys Karin A. Bentz and Peter J. Lynch.

DATED: 4|8|2025

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor  04 / 10 / 2025

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 10, 2025 01:29 PM
ST-2023-CV-00191
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

Vernon Thomas and Vera Joyce Thomas-Pinney

**Plaintiff**

v.

Waukebo Warner and Waukesha Warner-Harrison,

**Defendant.**

Case Number: **ST-2023-CV-00191**
Action: **Quiet Title**

## NOTICE of ENTRY
## of a
## MEMORANDUM OPINION AND ORDER

**To:** Karin A. Bentz, Esq. – via email          Peter James Lynch, Esq – via email

**Please take notice that on April 10, 2025**
**a(n)** MEMORANDUM OPINION AND ORDER
**dated** April 08, 2025 **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** April 10, 2025

**Tamara Charles**
**Clerk of the Court**

By:

**Nicole Smith**
**Court Clerk II**